NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD DEWAYNE NELSON,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>VERONICA ALICEA GALVAN, Judge, King County Superior Court; DANIEL SATTERBERG, Prosecuting Attorney, King County Prosecuting Attorney's Office; RICHARD KIM, Detective, Federal Way Police Department; RAMONA C. BRANDES, Senior Attorney, King County Department of Public Defense,<br><br>　　　　　Defendants-Appellees. | No. 21-36046<br><br>D.C. No. 2:21-cv-00195-DGE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted August 17, 2022[**]

Before:　　S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Washington state pretrial detainee Richard Dewayne Nelson appeals pro se

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the district court's judgment dismissing without prejudice his 42 U.S.C.

§ 1983 action alleging various claims in connection with his state criminal

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *Watison v.

Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Nelson's action because defendants

Galvan and Satterberg are immune, defendant Brandes did not act under color of

state law, and Nelson did not allege in his complaint that defendant Kim violated a

federal law. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial

immunity and its limited exceptions); *Polk County v. Dodson*, 454 U.S. 312, 317-

20 & n.9 (1981) (explaining that a private attorney or a public defender does not

act under color of state law within the meaning of § 1983); *Garmon v. County of

Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining the application of

absolute prosecutorial immunity); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.

1981) (explaining that § 1983 does not provide a cause of action for violations of

state law); *see also* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise

supplemental jurisdiction over state law claims upon the dismissal of the federal

claims).

We do not consider arguments and allegations raised for the first time on

2                                                                          21-36046

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests and motions are denied.

**AFFIRMED.**